IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **JAMES SCHMIDT, et al.,** | * | |
| Plaintiffs, | * | Civil Action No.: _____ |
| v. | * | (Removed from the Circuit Court for Baltimore City, Maryland, |
| **MERCY MEDICAL CENTER, INC, et al.,** | * | Case No.: 24-C-10-006352) |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to U.S.C. §§1332, 1441 and 1446, Defendants Mercy Medical Center, Inc. and Thomas V. Whitten, M.D. ("Dr. Whitten") hereby give notice of removal of this action from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland. This Court has jurisdiction based on the diversity of citizenship of the parties. In support of this Notice, and reserving all rights, objections, defenses and exceptions to the extent required, the Defendants state:

1. Pursuant to Local Rule 103, true and legible copies of all process, pleadings, documents and orders which have been served upon Defendants are submitted with this Notice as **Exhibit A**. Within thirty (30) days, Defendants will file true and legible copies of all other documents on file in the state court. A Notice of Filing of Notice of Removal is attached as **Exhibit B** and will promptly be filed with the Clerk of the Circuit Court of Baltimore City, as required by 28 U.S.C. § 1446(d).

2. Plaintiffs filed a Statement of Claim in Maryland's Health Care Alternative Dispute Resolution Office ("HCADRO") on January 8, 2010. Thereafter, Plaintiffs filed in HCADRO, and served upon Defendants, a waiver of arbitration. At Plaintiffs' request, the Director of the HCADRO issued an Order of Transfer, granting Plaintiffs authority to file their complaint in the appropriate circuit court or United States District Court. Plaintiffs filed their complaint, styled as *James Schmidt, et al. v. Mercy Medical Center, Inc., et al.*, Case No. 24-C-10-006352, on September 9, 2010 in the Circuit Court for Baltimore City, Maryland. Defendants have not been served with the Complaint, but are aware that it has been filed.

3. Defendants seek removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).

4. There is complete diversity of citizenship between the Plaintiffs and the Defendants and the amount in controversy exceeds $75,000.

5. Plaintiffs claim that Dr. Whitten failed to diagnose Plaintiff James Schmidt's deep vein thrombosis, which caused personal injuries, pain and suffering, anxiety, medical expenses, lost wages, and loss of function in his leg. *See* Plaintiffs' Statement of Claim, filed in HCADRO on January 8, 2010 and included in Exhibit A (the "Complaint") at ¶¶ 7-17.

## DIVERSITY

6. This Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). There is complete diversity between the Plaintiffs and all Defendants.

# 403751
010680-0112

7. Plaintiffs are citizens of the State of Pennsylvania. Complaint at ¶ 1.

8. Defendant Mercy Medical Center, Inc. is a citizen of the State of Maryland, with its principal place of business located in Baltimore, Maryland. Complaint at ¶ 2; 28 U.S.C. § 1332(c).

9. Defendant Thomas V. Whitten, M.D. is a citizen of the State of Maryland. Complaint at ¶ 3.

10. According to Dr. Whitten and the Registered Agent for Mercy Medical Center, Inc. neither of the Defendants has been served with the Complaint as of the date of this filing.

## AMOUNT IN CONTROVERSY

11. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

12. Plaintiff James Schmidt asserts that he has suffered bodily injuries, permanent scarring, loss of the use of his leg, emotional distress, mental anguish and conscious pain and suffering as a result of Defendant Dr. Whitten's alleged negligence. Complaint at ¶ 20. Plaintiff further claims that has incurred health care expenses, lost income, and diminished earning capacity. *Id.* at ¶ 22. For this claim, Plaintiff James Schmidt claims economic and non-economic damages in excess of $30,000. *Id.* at p. 7.

13. Plaintiff James Schmidt asserts that he has suffered bodily injuries, permanent scarring, loss of the use of his leg, emotional distress, mental anguish and conscious pain and suffering as a result of Defendant Mercy Medical Center Inc.'s alleged negligence. Complaint at ¶ 27. Plaintiff further claims that has incurred health

care expenses, lost income, and diminished earning capacity. *Id.* at ¶ 27. For this claim, Plaintiff James Schmidt claims economic and non-economic damages in excess of $30,000. *Id.* at p. 9.

14.   Plaintiffs James and Betty Schmidt claim that they have suffered loss of consortium. *Id.* at ¶¶ 30-33. For this claim, Plaintiffs jointly and severally claim economic and non-economic damages in excess of $30,000. *Id.* at p. 10.

## REMOVAL IS PROPER

15.   "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States...." 28 U.S.C. § 1332(a).

16.   A diversity action is removable "if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Thus, an action based on state law (such as the present case) is removable to federal court where (1) the district court would have original diversity jurisdiction (*see* 28 U.S.C. § 1332(a)), and (2) no resident of the forum state has been properly joined and served at the time of the removal (*see* 28 U.S.C. § 1441(b)).

17.   The Plaintiffs' Complaint was filed on September 9, 2010. Neither of the Defendants has been served. As such, none of the parties properly joined and served are residents of the forum state. Therefore, this notice of removal is timely filed. See 28 U.S.C. § 1446(b).

18. Because complete diversity exists, the in-forum status of Defendants is immaterial to the propriety of removal as they have not been served. *See Clawson v. Fedex Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 735-36 (D. Md. 2006) (applying the "plain language of 28 U.S.C. § 1441(b)" and holding that removal to Maryland District Court was appropriate at any time before the Maryland resident defendant was "properly joined *and served*"); *Yoacham v. Novartis Pharmaceuticals Corp.*, 2007 WL 2318493, at *6-7 (D. N.J. 2007) (holding that forum defendant's removal was proper before being "properly joined and served"); *Frick v. Novartis Pharm. Corp.*, 2006 WL 454360 at *3 (D. N.J. Feb. 23, 2006) (same); *Thomson v. Novartis Pharm. Corp.*, 2007 WL 1521138 at *4 (D. N.J. May 22, 2007) (same). The language of § 1441(b) is unambiguous and a plain reading of the statute confirms that removal is prohibited only where a defendant, who is a resident of the forum state, has been "properly joined and served." 28 U.S.C. § 1441(b).

19. The United States District Court for the District of Maryland is the federal judicial district embracing the Circuit Court for Baltimore City, Maryland, where the suit was originally filed. *See* 28 U.S.C. § 100. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1441(a).

20. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

21. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly upon the Plaintiffs and filed with the Clerk of the Circuit Court for Baltimore City, Maryland.

Respectfully submitted,

*/s/ Peter E. Keith*

Peter E. Keith
Federal Bar No. 01483
   E-mail:  PKeith@gejlaw.com
Hillary H. Arnaoutakis
   E-mail:  HArnoutakis@gejlaw.com
Federal Bar No. 28808
Gallagher Evelius & Jones LLP
The Park Charles
218 N. Charles Street, Suite 400
Baltimore MD 21201
Telephone:  410.727.7702
Telecopier:  410.468.2786

*Attorneys for Defendants*
*Mercy Medical Center, Inc. and*
*Thomas V. Whitten, M.D.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of September, 2010, a copy of the foregoing Notice of Filing of Removal was served, via first-class mail, postage pre-paid, upon:

> Michael J. Belsky, Esq.
> Lindsay C. Cooper, Esq.
> Schlachman, Belsky & Weiner, P.A.
> 300 E. Lombard Street, Suite 1100
> Baltimore, MD  21202
>
> *Attorneys for Plaintiffs*

_____
Hillary H. Arnaoutakis

# 403751
010680-0112